NATIONAL CAR-BRAKE SHOE Co. *v.* BOSTON & A. R. Co. and others.

SAME *v.* BOSTON & M. R. Co. and others.

SAME *v.* OLD COLONY R. Co. and others.

*(Circuit Court, D. Massachusetts.  February 7, 1883.)*

**PATENTS FOR INVENTIONS—COMBINATION—DIFFERENT ARRANGEMENT.**

Where the arrangement of a patented combination, many of whose elements were in use before the patent was granted, has many advantages over the patented device and is an improvement thereon, *held,* a different combination and its use is not an infringement.

In Equity.

*E. Banning* and *H. A. Banning,* for plaintiff.

*A. McCallum,* for defendants.

NELSON, J.  These three suits are for infringement of patent No. 45,106, granted to Joseph Wood, November 15, 1864, for an improvement in car-brake shoes, and assigned to the plaintiff.  The brake-shoe in use by the defendants is the one covered by patent No. 49,948, granted to James Christy, September 12, 1865.  The parties agree that the Wood patent is valid, and the question submitted is whether the first claim of the Wood patent is infringed by the Christy patent.  Both patents relate to the manner of attaching the sole, or the part which bears against the rim of the car-wheel, to the shoe.

In the specification of the Wood patent, the invention is described as follows:

"A is the cast-iron shoe, between the portions, $a$ and $a^1$, of which is an opening, X, two projections, $b$ and $b^1$ forming part of the shoe and embracing the brake-beam, as shown by dotted lines in figure 2.  B is the sole-piece, the face of which is curved to suit the periphery of the car-wheel, the shoe fitting to the sole-piece between two lugs, $c$ and $c^1$, cast on the same.  At the back of the sole-piece is a lug, $d$, which projects through an opening in the portion, $a$, of the shoe into the recess, X; and transversely through a hole in the lug passes a tapering pin, $i$, which, bearing against the inner side of the portion of $a$ of the shoe, serves to secure the latter to the sole, while the two are retained in their proper relative position vertically by the lugs, $c$ and $c^1$."

The first claim is thus stated:

"*Firstly,* the sole, B, its lugs, $c$ and $c_1$, the lug, $d$, in combination with the shoe, A, the latter and the sole being constructed and adapted to each other so as to be secured by a simple pin, $i$, substantially as specified."

It is shown that prior to the date of the Wood patent the side lugs, $c$ and $c^1$, and the central lug, $d$, had been in use, and the sole had been secured to the shoe by a pin passing through a lug projecting from the upper part or back of the sole into the shoe. The invention must then consist of the combination of the side lugs, $c$ and $c^1$, the recess, X, the central lug, $d$, on the back of the sole projecting through the opening in part $a$ of the shoe in the recess, X, the pin, $i$, passing through a hole in that part of the lug, $d$, which extends into the recess, X, and bearing against the inner side of part $a$ of the shoe.

In the Christy brake-shoe, the side lugs, $c$ and $c^1$, and the central lug, $d$, are present. But the recess, X, the part, $a$, of the shoe, with its orifice through which the lug, $d$, passes, and against which the pin, $i$, bears, are absent. The central lug is inclosed between two lugs extending upon either side from the frame of the shoe, and the sole is secured to the shoe by means of a curved pin, which passes longitudinally through the frame, the central lugs, and the two lugs which inclose and confine the central lug. This arrangement has many advantages over the Wood device. The pin is less likely to work loose and drop out from the motion of the car, the sole is more firmly and securely fastened to the shoe, and can be attached and detached by sliding it laterally on or off the shoe without moving back the brake-beam, which is not the case with the Wood device.

For these reasons we must hold that the Christy patent is for a different combination of parts from the Wood patent, and that its use is not an infringement of the latter.

The entry in each case will be, bill dismissed, with costs.